IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

WILLIAM WILEY, PATRICK COLLINS,
ROBERT BENNETT, et al.,

      Plaintiffs,

v.                                       **Case No. 2:14-cv-10974**

WV HOUSE OF DELEGATES, WV SENATE,
WV GOVERNOR EARL RAY TOMBLIN,
WV CIRCUIT JUDGES, WV SUPREME COURT JUSTICES,
WV ATTORNEY GENERAL'S OFFICE,
ANY AND ALL STATE AND COUNTY POLICE DEPARTMENTS,
JOHN DOE, JANE DOE, et al.,

      Defendants.

## PROPOSED FINDINGS AND RECOMMENDATION

This civil action is assigned to the Honorable Thomas E. Johnston, United States

District Judge, and it is referred to the undersigned United States Magistrate Judge for

submission of proposed findings and a recommendation for disposition, pursuant to 28

U.S.C. § 636(b)(1)(B).

## THE PLAINTIFF'S COMPLAINT

On February 21, 2014, the Clerk's Office received and docketed a Complaint under

42 U.S.C. § 1983, purportedly filed on behalf of 61 inmates at the Huttonsville

Correctional Center, in Huttonsville, West Virginia.[1]  The instant civil action was opened

---

[1] The undersigned notes that the Huttonsville Correctional Center is located within the jurisdiction of the United States District Court for the Northern District of West Virginia, not this court.  However, because the plaintiff's Complaint addresses the constitutionality of a state statute and names as defendants various state government officials or agencies that are located or headquartered in Charleston, West Virginia, which is within this court's jurisdiction, the undersigned believes that it is proper for this court to consider this matter.

to address the Complaint, which was executed by only three of the named plaintiffs: William Wiley, Patrick Collins and Robert Bennett.  Also pending is an Application to Proceed Without Prepayment of Fees and Costs filed by plaintiff Patrick Collins (ECF No. 2).  No other proposed plaintiff filed such an application; nor has any other proposed plaintiff paid the applicable $400 filing fee.

The Complaint challenges the constitutionality of the West Virginia Sex Offender Registration Act, W. Va. Code §§ 15-12-1 *et seq.*, and asserts that all of the plaintiffs, who are apparently convicted sex offenders, are "being profiled" and "being put in immediate danger for retaliation and/or harassment by the citizens of West Virginia, due to [their] sex charges" and the public availability of information concerning the same.  The Complaint specifically alleges as follows:

> We are being profiled under West Virginia Code § 30-29-10.  We are being targeted as well due to our felony and misdemeanor convictions as a sex offender.  Our civil rights as U.S. citizens are being violated due to the Sex Offender Registration Law of West Virginia, and our lives, safety and well-being put in immediate danger for retaliation and/or harassment by the citizens of West Virginia due to our sex charges because all they have to do is go online, or call the State Police to find out what are [sic] our sex charges were.  And they will receive our home addresses, therefore putting our lives in immediate harm.  If someone wanted to hurt, attack or kill a sex offender, all they would have to do is the above call the State Police or go online.  Therefore, West Virginia Sex Offender Registration Law is a violation of the U.S. Constitutional Rights, and is an invasion of our privacy to live a normal, productive life.  And it prevents us from fulfilling our God given rights as men to reproduce/father children and to live in the same house with them and our wives or girlfriends, the mother of the children.  And this right is guarantee[d] by our God and or higher power and is also guarantee[d] by the U.S. Constitution Right to be free and happy.
>
> The Sex Offenders of West Virginia are the only convicted felons in the State that is being done this way.  Not one other convicted felon for Breaking and Entering, DUI, Armed Robbery, Murders, Malicious Wounding, Assault and Battery, Auto Theft, and/or any other felony known to man has to register with the West Virginia State Police and/or Sheriff's Department, or

City Cop the way a West Virginia Sex Offender has to. Therefore, this shows 100% that the West Virginia Sex Offenders are being profiled and targeted. Therefore, it is a felony criminal act on behalf of the law makers, West Virginia Senators, West Virginia Governor's Office, Circuit Courts, West Virginia Supreme Court, and any and all West Virginia Law Enforcement Agencies.

Our rights are being violated by all of the above and the supporting laws and/or facts are as follows: U.S. Constitution, Section 7, Clause 1, Bills and Resolutions – Revenue Bills; Section 8, Clause 10, Offenses; Clause 18, All Necessary and Proper Laws; Article 3, Section 2, Clause 3, Trial by Jury. See attached Amendments of the U.S. Constitution. See attached Universal Declaration of Human Rights. See 107th Congress, Uniting and Strengthening America by Providing Appropriate Tools Required to Intercept and Obstruct Terrorism (U.S.A. Patriot Act), Act of 2001, 111th Congress, H.R. 1913; West Virginia Code/State Laws § 61-6-21, § 61-10-16; West Virginia Code § 30-29-10.[2]

(ECF No. 1 at 6-7). The Relief section of the Complaint document states as follows:

We the Sex Offenders of the State of West Virginia are hereby seeking the following as our relief. As of the first date and/or day the first sex offender in the State of West Virginia had to register as a sex offender up to date, we want any/and or all convicted felons to follow the registration and/or rules for life as well.

Or we want the Sex Offender Registration Law completely abolish[ed] forever/eternity and any and/or all files of the West Virginia State Police, Sheriff's Department, City Police all be banned except for police use only. No civilian is to have access to them. And the Sex Offender webpage is to be removed and banned for life to the citizens of West Virginia. Only Law

---

[2] Included in the Complaint document (at ECF pp. 13-14 (which contain no corresponding page number written by hand by the plaintiffs) are excerpts of the First, Fifth, Sixth and Fourteenth Amendments to the United States Constitution, as well as excerpts from the "Universal Declaration of Human Rights," the Patriot Act, a provision concerning Indian tribes, and West Virginia Code §§ 61-6-21, 61-10-16 and 30-29-10. Of the authority copied and attached within the Complaint, the undersigned believes that only Section 1 of the Fourteenth Amendment is implicated by the allegations in the Complaint.

The body of the Complaint (ECF pp 7-12 (or pp. 4B-4G as hand-numbered by the plaintiff) contains what appears to be a hand-written outline or notes concerning various legal concepts which may have been pulled from a legal treatise or handbook on section 1983 litigation. The undersigned does not read these concepts to be directly alleged to be at issue by the plaintiffs and, thus, are not considered as allegations in the Complaint. The undersigned notes that the outline includes a section on immunities and appears to acknowledge that certain defendants, including judges and legislators, may be subject to absolute immunity from suit. However, because there are other bases for the dismissal of this Complaint in its entirety, the undersigned has not addressed any potential immunities or other defenses that could be raised by the defendants in a motion to dismiss.

Enforcement Agencies is [sic; are] to have access to this webpage.  We the Sex Offenders of the State of West Virginia are hereby requesting $500,000 (Five hundred thousand dollars) per plaintiff due to all the following supporting evidence and fact that our United States Constitutional rights has [sic; have] been violated!!!

(*Id.* at 44-45).[3]

## **STANDARD OF REVIEW**

Pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B), the court is obliged to screen each case in which a plaintiff seeks to proceed *in forma pauperis*, and must dismiss the case if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).  Pursuant to 28 U.S.C. § 1915A, a similar screening is conducted where a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A.  This screening is done prior to consideration of an Application to Proceed without Prepayment of Fees and Costs, and notwithstanding the payment of any filing fee.  A "frivolous" case has been defined as one which is based on an indisputably meritless legal theory.  *Denton v. Hernandez*, 504 U.S. 25 (1992).  A "frivolous" claim lacks "an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

---

[3] Subsequent to the filing of the Complaint, the Clerk's Office received two documents authored by Bobby "Running Cougar" Roddy (or Bobby E. Roddy), who is one of the 61 plaintiffs named in the Complaint, but who did not execute the Complaint.  Mr. Roddy is a well-known litigant in this court.  On March 7, 2014, the Clerk received a letter from Mr. Roddy (ECF No. 5) which appears to have no application to the instant civil action, as it concerns Mr. Roddy's request that a letter addressed to the FBI office in Clarksburg, West Virginia concerning alleged criminal acts by employees of the West Virginia Division of Corrections, be forwarded to the Chief Judge of the United States District Court.  Because this letter appears to be wholly unrelated to the instant matter, the undersigned proposes that the presiding District Judge strike it from the record herein.  The second letter received from Mr. Roddy (ECF No. 7) simply requested an update on the status of the instant civil action.

Pro se complaints are held to less stringent standards than those drafted by attorneys, and the court is obliged to construe liberally such complaints. However, in *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007), the Supreme Court observed that a case should be dismissed for failure to state a claim upon which relief can be granted if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." While the complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* at 555.

The Supreme Court elaborated on its holding in *Twombly* in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), a civil rights case. The Court wrote:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. [*Twombly*, 550 U.S.] at 555, 127 S. Ct. 1955 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted). Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.*, at 556.
>
> * * *
>
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

129 S. Ct. at 1949-50.

Because the plaintiff's Complaint fails to state a claim upon which relief can be granted, the defendants have not been served with process and should not be required to appear or defend this matter.

## ANALYSIS

There are numerous problems with the Complaint filed by the proposed plaintiffs. The undersigned will address those various issues in turn.

### A.   A class action may not be brought by *pro se* representatives.

Class actions may not be brought by a *pro se* plaintiff. *Oxendine v. Williams*, 509 F.2d 1405 (4th Cir. 1975).  In *Oxendine*, the Fourth Circuit stated, "we consider the competence of a layman representing himself to be clearly too limited to allow him to risk the rights of others." *Id.* at 1407.  Moreover, there is no right to appointment of counsel in a civil matter such as this. *See, e.g., Whisenant v. Yuam*, 739 F.2d 160 (4th Cir. 1984). Accordingly, the plaintiffs must either file individual lawsuits or find a licensed attorney to represent them collectively.[4]

### B.   Only Patrick Collins has filed an Application to Proceed Without Prepayment of Fees and Costs and, thus, this matter should proceed, if at all, only on his behalf.

The Complaint was allegedly executed by only three of the 61 proposed plaintiffs (William Wiley, Patrick Collins and Robert Bennett).  Of those three, only Patrick Collins filed an Application to Proceed Without Prepayment of Fees and Costs and none of the proposed plaintiffs has paid any portion of the applicable filing fee.  In light of the filing of the Application to Proceed Without Prepayment of Fees and Costs, and the above

---

[4] The undersigned makes no finding herein about whether this civil action could meet the prerequisites for class action certification under Rule 23 of the Federal Rules of Civil Procedure.

finding that this matter may not proceed as a class action, should this matter proceed at all, the undersigned proposes that the presiding District Judge **FIND** that the instant civil action should only proceed as a Complaint brought by Patrick Collins, and all other plaintiffs should be dismissed.

### C.       The Complaint fails to state a plausible constitutional claim.

Notwithstanding the procedural issues concerning the proper plaintiffs in this matter, the undersigned further proposes that the presiding District Judge **FIND** that the Complaint filed herein fails to state any claim upon which relief can be granted.  The Complaint alleges that the community notification requirements of the West Virginia Sex Offender Registration Act, which make certain information concerning a sex offender's conviction and his or her addresses publically available, is an invasion of privacy and interferes with their rights to reproduce and father children and to live in the same home with those children and their mothers.  The Complaint also speculatively suggests that the registration requirement places every sex offender in immediate danger of harm, retaliation and harassment, and permits profiling and targeting of sex offenders.[5]  The Complaint further appears to assert an equal protection challenge based upon the fact that no other convicted felons in the State of West Virginia are required to similarly register.

---

[5]  The Complaint asserts that the plaintiffs are "being profiled under West Virginia Code § 30-29-10," which is a state statute governing law enforcement training and certification, which mandates the establishment of policies and procedures prohibiting profiling on the basis of race, ethnicity or national origin.  It has no direct implication in this matter.  The Complaint also cites to West Virginia criminal statutes that do not give rise to a private right of action under federal law.  Likewise, this federal court cannot institute criminal charges under state law.

7

Liberally construed, the Complaint appears to be asserting substantive due process and equal protection claims under the Fourteenth Amendment of the United States Constitution. Before addressing these individual claims, the undersigned believes that a brief discussion of the subject statutes will be helpful.

### The West Virginia Sex Offender Registration Act

The present version of the West Virginia Sex Offender Registration Act, W. Va. Code § 15-12-1 *et seq.* (hereinafter the "WVSORA" or "the Act"), was enacted in March of 1999 and certain sections of the Act have been subsequently amended to conform to federal law. Section 15-12-1a of the Act details the West Virginia Legislature's intent and purpose of the WVSORA:

> (a) It is the intent of this article to assist law-enforcement agencies' efforts to protect the public from sex offenders by requiring sex offenders to register with the state police detachment in the county where he or she shall reside and by making certain information about sex offenders available to the public as provided in this article. It is not the intent of the Legislature that the information be used to inflict retribution or additional punishment on a person convicted of any offense requiring registration under this article. This article is intended to be regulatory in nature and not penal.

> (b) The Legislature finds and declares that there is a compelling and necessary public interest that the public have information concerning persons convicted of sexual offenses in order to allow members of the public to adequately protect themselves and their children from these persons.

> (c) The Legislature also finds that and declares that persons required to register as sex offenders pursuant to this article have a reduced expectation of privacy because of the state's interest in public safety.

W. Va. Code § 15-12-1a. The provision concerning a reduced expectation of privacy was added in amendments passed in 2000.

a.  The registration provisions

Section 15-12-2(a) provides that the provisions of the WVSORA apply prospectively and retroactively.  Sections 15-12-2(b) and (c) set forth the offenses that subject an individual to the required registration, and section 15-12-2(d) addresses the information that must be provided upon registration.[6] Sections 15-12-2(e)(1) and (e)(2) of the WVSORA require the defendant's custodian and the court of conviction to notify the defendant of the registration requirements and the court of conviction must provide certain information about the defendant and alleged victim(s) to the registry.  A central registry is maintained by the State Police.  *See* W. Va. Code § 15-12-2(h).

Section 15-12-3 provides that, if there is a change in the registrant's information, he or she must inform the State Police of those changes within ten business days.  Section 15-12-10 requires the State Police to verify the addresses of those persons registered as "sexually violent predators" every ninety days, and all other registrants once a year.  That section also provides that the State Police may require registrants to periodically submit new photographs and fingerprints as part of the verification process.  Although the statute is silent as to how the verification process must be completed, the State of West Virginia has established regulations requiring that the initial registration and the periodic verification process be done in person.  *See* 81 W. Va. Code St. R. § 14.17.5.

---

[6] The required information includes: (1) the registrant's full name, including any aliases or nicknames; (2) the address where the registrant resides or intends to reside or regularly visit; (3) the name and address of the registrant's employer or anticipated future employer; (4) the name and address of any school or training facility that the registrant is attending or expects to attend; (5) the registrant's social security number; (6) a full-face photograph at the time of registration; (7) a brief description of the crime or crimes of conviction; (8) finger and palm prints; (9) information relating to any motor vehicle owned or regularly operated by the registrant; (10) information relating to any internet accounts the registrant has, and screen names, user names, or aliases used on the internet; and (11) information relating to any telephone, electronic paging device, including, but not limited to, residential, work and mobile telephone numbers.

Section 15-12-4 contains the requirements for the duration of registration under the WVSORA for persons who have committed qualifying crimes as defined in section 15-12-2. The default time period for registration is ten years. However, under the WVSORA, all persons who have been convicted of an offense involving a minor victim must register for life. W. Va. Code § 15-12-4(a)(2)(E).

Subsection (b) of that section allows a registrant to petition to have his or her name removed from the registry upon the overturning of the underlying conviction. W. Va. Code § 15-12-4(b). There is no provision in the WVSORA that permits the review of an offender's registration requirement based upon his or her rehabilitation or risk of recidivism. Registration is based solely upon the existence of a prior conviction.

b. The notification provisions

Pursuant to section 15-12-5(b)(2) the West Virginia State Police is charged with distribution of sex offender information/notification to various law enforcement and state and local community organizations that require notification under the Act. State regulations provide detailed criteria and requirements for the various entities who are required to be provided with or responsible for dissemination of information under the WVSORA. *See* 81 West Va. Code St. R. § 14-1 *et seq.* Furthermore, the regulations provide that the list of lifetime registered offenders in a particular county may be released to any resident of that county, following a telephone or written request, and must also be accessible through the internet. *See* 81 West Va. Code St. R. §§ 14.15.3.a and 14.15.4.

The regulations further provide that each registrant's Registration and Verification form and a photograph be provided to all authorized community and religious organizations that are to receive sex offender registration information, in accordance with

the regulations.  See 81 West Va. Code St. R. § 15.15.5.  There are additional permissible notification/disclosure provisions in the regulations that are not detailed herein.

*Substantive due process claim*

It is well-settled that the Fourteenth Amendment to the United States Constitution guarantees that "no person shall be deprived of life, liberty or property without due process of law."  U.S. Const. Amend. XIV.  Thus, the Fourteenth Amendment has been construed to "forbid[] the government to infringe certain 'fundamental' liberty interests *at all,* no matter what process is provided, unless the infringement is narrowly tailored to serve a compelling state interest."  *Reno v. Flores*, 507 U.S. 292, 301-302 (1993); *Planned Parenthood of Southeastern Pennsylvania v. Casey*, 505 U.S. 833, 851 (1992).  However, if no fundamental right or liberty interest is implicated, legislation challenged on this basis will generally be presumed to be valid and will be upheld if the classification drawn by the statute is "rationally related to a legitimate state interest."  *See City of Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 440 (1985).

The plaintiffs' contention that the WVSORA interferes with their rights to reproduce and live as a family is entirely speculative, which calls into question the ripeness of the plaintiffs' claims.  Article III of the United States Constitution limits federal courts to the adjudication of actual "cases" or "controversies."  U.S. CONST. ART. III, § 2.  In order for there to be an actual case or controversy, the parties bringing the claim or claims must have standing to do so and the claim or claims must be ripe for review. Individuals required to register under the WVSORA have standing to challenge the constitutionality of the Act's provisions.

11

"Ripeness" requires that an "injury in fact be certainly impending." *Nat'l Treasury Emp. Union v. United States*, 101 F.3d 1423, 1427 (D.C. Cir. 1996). "Ripeness separates those matters that are premature because the injury is speculative and may never occur from those that are appropriate for the court's review." *Akella v. Mich. Dep't of State Police*, 67 F. Supp.2d 716, 726 (E.D. Mich. 1999) (citing *Abbott Lab. v. Gardner*, 387 U.S. 136, 148 (1967), *overruled on other grounds, Califano v. Sanders*, 430 U.S. 99 (1977)). Presently, none of the plaintiffs has presented factual allegations that could plausibly demonstrate an actual or impending injury concerning their fundamental rights to reproduce or live as a family that would not otherwise exist as a result of their convictions for sex offenses. Thus, the Complaint appears to fail on ripeness grounds.

Turning to Plaintiff's claim that the required registration of sex offenders constitutes an invasion of privacy, the West Virginia Legislature has stated in the WVSORA itself that "persons required to register as sex offenders pursuant to this article have a reduced expectation of privacy because of the state's interest in public safety." W. Va. Code § 15-12-1a(c). Moreover, in *Hensler v. Cross*, 558 S.E.2d 330, 336 (W. Va. 2001), the Supreme Court of Appeals of West Virginia noted that "much of the information required by the statute is public information and available to the public if they make a reasonable effort to obtain it." Furthermore, the United States Supreme Court held that "mere injury to reputation, even if defamatory, does not constitute the deprivation of a liberty interest." *Connecticut Dept. of Public Safety v. Doe*, 538 U.S. 1, 6-7 (2003) (citing *Paul v. Davis*, 424 U.S. 693 (1976)). Thus, the plaintiffs have not established the infringement of a liberty interest because their conviction of a prior sex offense is readily

accessible to the public because of the WVSORA's registration and notification requirements.

Accordingly, the undersigned proposes that the presiding District Judge **FIND** that the plaintiffs cannot demonstrate either that they have a fundamental right or liberty interest to be free from the registration requirements of the WVSORA, or that the registration and notification requirements violate a sex offender's right to privacy.

Because the WVSORA implicates neither a fundamental right nor a liberty interest, the defendants need only demonstrate that the provisions of the WVSORA are rationally related to a legitimate governmental purpose. The statute itself states the purpose of the WVSORA as follows: "[t]he Legislature finds and declares that there is a compelling and necessary public interest that the public have information concerning persons convicted of sexual offenses in order to allow members of the public to adequately protect themselves and their children from these persons." W. Va. Code § 15-12-1a(b). The undersigned proposes that the presiding District Judge **FIND** that the registration and notification requirements of the WVSORA are rationally related to the state's legitimate interest in public safety. Thus, the undersigned proposes that the presiding District Judge **FIND** that the plaintiffs have failed to demonstrate that a violation of their substantive due process rights.

<u>*Equal Protection Claim*</u>

The Complaint also suggests that the registration and notification requirements for sex offenders violate a sex offender's right to equal protection under the law. This allegation is grounded in the fact that information is made public for sex offenders that is generally not made public for other felons. The Equal Protection Clause of the United

States Constitution provides that no state shall "deny to any person within its jurisdiction the equal protection of the laws."  U.S. Const. amend. XIV, § 1.  Essentially, the clause requires that all persons similarly situated should be treated alike by governmental entities.  *See City of Cleburne v. Cleburne Living Center*, 473 U.S. 432 (1985); *Plyler v. Doe*, 457 U.S. 202, 216 (1982).

However, similar to the due process analysis, legislation is subject to rational basis scrutiny unless it discriminates against members of a suspect class or implicates a fundamental right.  *City of Cleburne*, 473 U.S. at 440; *Schweiker v. Wilson*, 450 U.S. 221, 230 (1981); *Heller v. Doe*, 509 U.S. 312, 319-320 (1993).  Moreover, "when social or economic legislation is at issue, the Equal Protection Clause allows the States wide latitude, *United States Railroad Retirement Board v. Fritz*, 449 U.S. [166] at 174, 101 S. Ct. at 459; *New Orleans v. Dukes*, [427 U.S. 297] at 303, 96 S. Ct. at 2516, and the Constitution presumes that even improvident decisions will eventually be rectified by the democratic process."  *City of Cleburne*, 473 U.S. at 440.

To the extent that the Complaint asserts that sex offenders are a suspect or quasi-suspect class, neither the United States Supreme Court, nor the Fourth Circuit, has directly addressed this specific issue.  However, all other federal Circuit Courts that have addressed this issue have found that they are not.  *See, e.g., Roe v. Marcotte*, 193 F.3d 72 (2d. Cir. 1999); *Artway v. Atty. Gen.*, 81 F.3d 1235 (3d. Cir. 1996); *Stauffer v. Gearhart*, 741 F.3d 574, 587 (5th Cir. 2014); *Cutshall v. Sundquist*, 193 F.3d 466, 482 (6th Cir. 1999); *United States v. Lemay*, 260 F.3d 1018, 1030-31 (9th Cir. 2001); *Riddle v. Mundragon*, 83 F.3d 1197, 1207 (10th Cir. 1996); *Doe v. Moore*, 410 F.3d 1337, 1346 (11th Cir. 2005);

14

*Windwalker v. Gov. of Alabama*, 579 F. App'x 769 (11th Cir. 2014) (sex offenders are not a suspect class for purposes of equal protection analysis).

Furthermore, as previously addressed herein, the plaintiffs have not demonstrated that a fundamental right is involved. *See*, *e.g.*, *Doe v. Tandeske*, 361 F.3d 594, 597 (9th Cir. 2004) (holding that convicted sex offenders do not have a fundamental right to be free from registration and notification requirements). Thus, the court must presume that the WVSORA is valid, and must uphold it if the classification drawn by the statute is rationally related to a legitimate state interest. *City of Cleburne*, 473 U.S. at 440.

In enacting the WVSORA, the West Virginia Legislature set forth a rational basis for treating convicted sex offenders differently than other convicted criminals. As addressed in the prior section, the State of West Virginia has a reasonable and legitimate interest in protecting the safety and welfare of its citizens, and the registration and notification provisions of the WVSORA are rationally related to achieving that purpose. Therefore, the undersigned further proposes that the presiding District Judge **FIND** that Plaintiff has failed to state a valid claim under the Equal Protection Clause of the Fourteenth Amendment.

## **RECOMMENDATION**

As noted above, in *Twombly* and *Iqbal*, the Supreme Court held that a case should be dismissed for failure to state a claim upon which relief can be granted if, viewing the well-pleaded factual allegations in the Complaint as true and in the light most favorable to the plaintiff, the Complaint does not contain "enough facts to state a claim to relief that is plausible on its face." For the reasons stated herein, the undersigned proposes that the presiding District Judge **FIND** that the Complaint herein does not contain any allegations

that could plausibly give rise to a present entitlement to relief by the plaintiffs in this court. Accordingly, the undersigned further proposes that the presiding District Judge **FIND** that the Complaint fails to state a claim upon which relief can be granted. Therefore, pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B) and 1915A, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** the Complaint (ECF No. 1), and all requests for relief contained therein, and **DENY** plaintiff Collins' Application to Proceed without Prepayment of Fees and Costs (ECF No. 2), with a waiver of the applicable filing fee.

The plaintiffs are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the plaintiff shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*,

727 F.2d 91 (4th Cir. 1984).   Copies of such objections shall be provided to Judge Johnston.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to plaintiffs **William Wiley, Patrick Collins and Robert Bennett**, as the proposed representatives of the "class," which has not presently been certified, and as the plaintiffs who actually executed the Complaint.

January 30, 2017

Dwane L. Tinsley
United States Magistrate Judge

17